Strafford
No. 2008-046

IN THE MATTER OF MARY BETH GEORGAKILAS AND GEORGE
GEORGAKILAS

Argued: June 26, 2008
Opinion Issued: August 21, 2008

Mary Beth Georgakilas, *pro se*, filed no brief.

*Mark S. Moeller, P.A.*, of Dover (*Mark S. Moeller* on the brief and orally), and *Robert G. Eaton*, of Rye, by brief, for the respondent.

## MEMORANDUM OPINION

DALIANIS, J. The respondent, George Georgakilas, appeals an order recommended by a Marital Master (*Nute*, M.) and approved by the Superior Court (*Fauver*, J.) denying his motion for reformation of the certificate of his divorce from the petitioner, Mary Beth Georgakilas. We affirm.

The parties divorced in 2006. Their final divorce decree incorporated·the terms of their permanent stipulation, which included a parenting plan regarding their then two-year-old son. *See* RSA 461-A:4 (Supp. 2007). With respect to decision-making responsibility, paragraph A of the parenting plan stated that "[b]oth parents shall share in the responsibility for making major decisions about the child," "[e]ach parent shall make day-to-day decisions for the child during the time he/she is caring for the child," and "[b]oth parties shall be consulted and agree on [the child's] religion." Regarding residential responsibility, paragraph B of the parenting plan provided that the respondent "shall have liberal and generous parenting time with his son . . . whenever [the respondent] is not flying [as a commercial airline pilot] and is in New Hampshire." This provision also stated: "The parties acknowledge and agree that each of them [is] a kind, caring, loving and nurturing parent and that their son . . . will benefit by having active involvement by both parents, with the goal of each party's parenting time being approximately equal." Paragraph C, the provision concerning the child's legal residence for school attendance stated: "This *Parenting Plan* is for equal or approximately equal periods of residential responsibility. For school purposes only, the child's legal residence shall be with [*the petitioner*]."

The certificate of divorce entered by the court stated that the parties had joint legal custody of their son, but that the mother had physical custody of him. Thereafter, the respondent moved to modify the certificate of divorce to reflect the fact that the parties had joint physical custody of their son. In denying the motion, the trial court interpreted the parties' parenting plan to grant the petitioner primary residential responsibility for the child. The trial court stated that it could not "construe the language of the Parenting Plan as equal, '50/50' or shared residential responsibility. If that were the case, the parties should have used the terminology in paragraph B of the Parenting Plan for 'shared (or joint) residential responsibility,' but they did not do so." The court noted that "the Parenting Plan forms supplied by the Court and available to the public on the internet" use this specific language. "If counsel wish to create their own format," the court cautioned, "they should be sure to follow the requirements for delineating the parenting rights and responsibilities." The court concluded that because paragraph B of the parties' parenting plan did not state that they had "shared (or joint)

residential responsibility," the certificate of divorce "correctly complie[d] with the [court's] understanding of the Parenting Plan as written," and would not be revised.

On appeal, the respondent argues that the trial court misinterpreted the parties' parenting plan and, therefore, erred when it denied his request to amend the certificate of divorce to reflect the fact that the parties shared physical custody of their son. We disagree.

In interpreting the meaning of a divorce decree, we review the decree *de novo. Sommers v. Sommers*, 143 N.H. 686, 692 (1999). We consider the intent of the parties as expressed in the language of the stipulation. *Id.*

Under the plain meaning of their stipulation, the parties were to have "equal or approximately equal" residential responsibility for their son. In paragraph C, the plan states: "This **Parenting Plan** is for equal or approximately equal periods of residential responsibility." Additionally, paragraph B provided: "The parties acknowledge and agree that each of them [is] a kind, caring, loving and nurturing parent and that their son . . . will benefit by having active involvement by both parents, with the goal of each party's parenting time being approximately equal."

■ As a matter of law, however, "approximately equal" residential responsibility is insufficient to confer "custodial parent" status. The term "custodial parent" is defined by statute. *See* RSA 461-A:20 (Supp. 2007). Pursuant to RSA 461-A:20, a "custodial parent" is "a parent with 50 percent or more of the residential responsibility" and a "non-custodial parent" is "a parent with less than 50 percent of the residential responsibility." A parent with 49 percent of the residential responsibility is "non-custodial" by definition.

■ Given the parties' choice to use the phrase "equal or approximately equal" to describe their residential responsibility for their son as well as their description of the respondent's frequent absences from the state for his job as a commercial airline pilot, we conclude that the trial court did not err when it declined to reform the parties' certificate of divorce and, in effect, confer "custodial parent" status upon the respondent. Unless the parties had agreed that the parties would each have fifty percent of the residential responsibility for their son, pursuant to RSA 461-A:20, only one of them could be the "custodial parent." As drafted by the parties, their stipulation confers this status upon the petitioner. Accordingly, contrary to the respondent's assertions, the certificate of divorce comports with the parties' stipulation and the applicable law. Should the legislature disagree

with our construction of RSA 461-A:20, it is, of course, free to amend it. *See Appeal of Malouin*, 155 N.H. 545, 554 (2007).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.